**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| **United States of America,** ) | |
| ) | |
| **v.** ) | |
| ) | **Criminal Action No.** |
| **Francisco LaBoy,** ) | **02-cr-40003-NMG-1** |
| ) | |
| **Defendant.** ) | |
| ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is a motion filed by pro se
Francisco LaBoy ("LaBoy") to obtain First Step Act credits
(Docket No. 124).  Although LaBoy does not specify the basis for
his motion, a habeas petition pursuant to 28 U.S.C. § 2241 is
the proper method to "challenge the calculation of [his] release
date." Cook v. Spaulding, 433 F. Supp. 3d 54, 57 (D. Mass.
2020).  Before bringing such a petition, however, a federal
prisoner must exhaust his or her administrative remedies with
the Bureau of Prisons ("BOP"). See Walsh v. Boncher, No. 22-CV-
11197-DLC, 2023 WL 363591, at *5 (D. Mass. Jan. 23, 2023)
(citing Rogers v. United States, 180 F.3d 349, 358 (1st Cir.
1999)).

28 C.F.R. §§ 542.10 et seq. set forth the following exhaustion requirements with which a prisoner must comply before filing a habeas petition:

> First, the prisoner must attempt to resolve the complaint informally with the staff. 28 C.F.R. § 542.13(a). If an informal resolution cannot be found, an inmate must submit a formal written Administrative Remedy Request to the Warden through a "BP-9" form within 20 days of the events which form the basis of the inmate's request. 28 C.F.R. § 542.14(a). An inmate dissatisfied with the Warden's response to the BP-9 request may submit an appeal to the Regional Director via a "BP-10" form within 20 days of the date the Warden signed the BP-9 response form. 28 C.F.R. § 542.15(a). Lastly, an inmate dissatisfied with the Regional Director's response may appeal to the BOP's Office of General Counsel via a "BP-11" form within 30 days of the date the Regional Director signed the response. Id. "Appeal to the General Counsel is the final administrative appeal." Id.

Nygren v. Boncher, 578 F. Supp. 3d 146, 152 (D. Mass. 2021).

LaBoy's one paragraph motion does not address the grounds upon which he is purportedly entitled to FSA credits nor whether he has fulfilled any of the exhaustion requirements under §§ 542.10 et seq.

### ORDER

For the foregoing reasons, defendant's motion to obtain First

Step Act credits (Docket No. 124) is **DENIED** without prejudice.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated:  September/2, 2023