United States District Court
District of Massachusetts

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Francisco LaBoy,<br><br>Defendant. | Criminal Action No.<br>02-40003-NMG |

MEMORANDUM & ORDER

GORTON, J.

Before the Court is the motion of defendant, Francisco LaBoy ("defendant"), to reduce his sentence under the First Step Act of 2018, Pub. L. No. 115-391, §404(b), 132 Stat. 5194. For the following reasons, the motion will be denied.

In 2002, defendant was charged with and pled guilty to possession of cocaine base with intent to distribute in violation of 21 U.S.C. §841(a)(1). This Court sentenced defendant to 180 months in prison and 5 years of supervised release. Defendant later violated his terms of supervised release which, after a revocation hearing, resulted in an additional prison sentence of 51 months. In March, 2024, defendant filed a pro se motion to reduce his sentence under §404(b) of the First Step Act. Considerable delay in dealing with that motion was caused by the appointment of counsel for

defendant and the filing by both counsel of competing memoranda which was ultimately completed in late December, 2024.

Defense counsel has now informed the Court that defendant has since been released from prison and now resides in a residential reentry center (i.e., halfway house). His period of residency at that center is due to expire in June, 2025.

In the normal course, a district court cannot "modify a term of imprisonment once it has been imposed." 18 U.S.C. §3582(c). Under §404(b) of the First Step Act, however, a defendant may seek to reduce his imprisonment via resentencing. Section 404(b) permits resentencing for certain "covered offenses," including offenses in violation of 21 U.S.C. §841(a)(1).

Even with respect to a covered offense, however, resentencing is not warranted unless the factors set forth in 18 U.S.C. §3553(a) favor early release. The relevant factors include the nature of the offense, defendant's history and characteristics and the need to deter future misconduct, punish the offense and protect the public. Weighing those factors is a matter of "considerable" discretion for the Court. See United States v. Aponte-Guzmán, 696 F.3d 157, 161 (1st Cir. 2012).

Here, the government concedes, and this Court finds, that defendant's conviction for intent to distribute cocaine base is a "covered offense" under §404(b) of the First Step Act.

- 2 -

Nevertheless, the Court is unpersuaded that §404(b) applies. Because the purpose of the First Step Act is to permit early release from prison, it has been determined in other jurisdictions that where, as here, a defendant has been "[released] to a halfway house," a motion under the First Step Act is moot. United States v. Reyes-Bosque, No. 05-CR-2239(1)-BEN, 2021 WL 5999776, at *1 (S.D. Cal. Dec. 17, 2021). Furthermore, while some courts have found that First Step Act motions are applicable to defendants serving revocation sentences, as opposed to original sentences for "covered offenses", see, e.g., United States v. Venable, 943 F.3d 187, 194 (4th Cir. 2019), the First Circuit has not yet addressed the issue. In the absence of First Circuit precedent, this Court will deal with the issue as one of first impression.

Assuming defendant's motion to reduce his term of supervised release is cognizable under § 404(b), this Court nevertheless finds that the §3553(a) factors do not favor his early release from the halfway house. Defendant's history is one of serious drug offenses and frequent recidivism. In 1996, defendant was arrested for drug possession and received five years of probation. Six months later, he violated his probation and received a sentence of incarceration. While on parole in 1998, and again in 1999, defendant was charged and convicted of intent to distribute drugs in violation of federal law.

Following a lengthy prison sentence, he again committed drug offenses in 2016, resulting, ultimately, in his current revocation sentence. Accordingly, defendant's remaining term of supervised release is deemed necessary under the circumstances and will promote his rehabilitation. The motion will therefore be denied.

### ORDER

For the foregoing reasons, the motion of defendant, Francisco LaBoy, to reduce his sentence pursuant to the First Step Act, 18 U.S.C. § 3624, (Docket No. 127) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: January 8, 2025